UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JINHEE PARK,<br><br>　　　　Plaintiff(s),<br><br>　　　　vs.<br><br>CHANG W. LEE, M.D., P.C., CHANG W. LEE, HYUNOK ANNE LEE, and JOHN DOE, a fictitious name,<br><br>　　　　Defendants. | **COMPLAINT AND<br>JURY DEMAND** |

## NATURE OF ACTION

1. This is an action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), whereby Plaintiff seeks damages for unpaid wages from Defendants for overtime work for which she did not receive overtime premium pay, as required by law, liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.;* and reasonable attorney's fees and costs incurred in pursuit of this action.

2. Plaintiff alleges that under the New Jersey Wage and Hour Law, she is entitled to unpaid overtime wages from Defendants for her work beyond forty hours per week, liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims because

they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff, Jinhee Park (hereinafter "Plaintiff" or "Ms. Park"), is an individual residing at 123 E. Palisades Blvd, 1st Floor, Palisades Park, New Jersey, and was formerly employed at defendant medical office Chang W. Lee, M.D., P.C.

7. According to New Jersey's Division of Revenue and Enterprise Services internet database, Defendant Chang W. Lee, M.D., P.C. is a professional corporation with its principal place of business in Englewood Cliffs, Bergen County, New Jersey.

8. Upon information and belief, Chang W. Lee, M.D., P.C is a business engaged in interstate commerce that had annual revenues in excess of $500,000.00 per year.

9. Upon information and belief, Defendant Chang W. Lee is an individual residing in New Jersey, and is the owner and shareholder of Chang W. Lee, M.D., P.C.

10. Upon information and belief, Defendant Hyunok Anne Lee is an individual residing in New Jersey, who is believed to be an officer, director, shareholder or otherwise responsible person who managed labor affairs on behalf of Chang W. Lee, M.D., P.C.

11. John Doe is a fictitious individual believed to be an officer, director, shareholder or otherwise responsible person of Chang W. Lee, M.D., P.C.

## STATEMENT OF FACTS

12. Plaintiff Park worked for Defendants from January, 2009 to February 22, 2019 at Defendant medical office.

13. While employed by Defendants, Plaintiff was engaged in commerce as that term is defined under the FLSA.

14. At all times relevant to this action, Plaintiff was Defendants' employee as that term is defined under the FLSA and New Jersey Wage Laws.

15. Defendants own, operate, and/or manage the medical office at which Plaintiff worked.

16. Plaintiff held a general position as "assistant" while employed by Defendants. Plaintiff's primary duties were as follows: answering telephone calls, scheduling office appointments, contacting insurance companies to receive pre-certifications, re-filling medications, processing authorizations from pharmacies, organizing patient files, and other administrative work.

17. None of Plaintiff's duties required the exercise of independent judgment and discretion or otherwise fell within the professional, administrative, outside sales or executive categories of exemptions recognized by law.

<u>Employment from January 2009 to August 26, 2018</u>

18. From January 2009 to August 26, 2018, Plaintiff was paid at an hourly rate of $20.00 per hour.

19. Throughout this period of employment, Plaintiff was routinely suffered to work well over forty (40) hours per week, having regularly worked from 8:30AM to 6:30PM or as late as 7:45PM, Monday through Friday.

20. Throughout this period of employment, Plaintiff was also routinely suffered to work every other Saturday, from 8:30AM to 3:00PM or 4:00PM.

3

21. Despite Plaintiff's performance of overtime work, Plaintiff was paid at her regular hourly rate of $20.00 per hour, and not 1 ½ times the rate for hours exceeding forty (40) hours per week as required by both the FLSA and New Jersey's Wage and Hour Laws.

Employment from August 26, 2018 to February 22, 2019

22. From August 26, 2018 to February 22, 2019, Plaintiff was paid at an annual salary of $48,000.00 per year.

23. Notwithstanding her designation as a salaried employee, both Plaintiff's title and duties remained unchanged, and therefore Plaintiff remained an employee unexempt from the overtime mandates of the FLSA and New Jersey Wage and Hour Laws.

24. Throughout this period of employment, Plaintiff was suffered to work similar hours Monday to Friday, and alternating Saturdays, wherein Plaintiff routinely worked well in excess of fifty (50) hours per week.

25. Despite Plaintiff's performance of overtime work, Plaintiff was paid at her regular rate of pay, and not 1 ½ times the rate for hours exceeding forty (40) hours per week as required by both the FLSA and New Jersey's Wage and Hour Laws

## CAUSES OF ACTION

### COUNT I
*Fair Labor Standard Act*
*Overtime Pay*

26. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

27. Defendants willfully and intentionally failed to compensate Plaintiffs\ the applicable overtime pay for their hours over forty hours a week, in violation of 29 U.S.C. § 201 et seq.

4

28. Defendants have failed to make a good faith effort to comply with the Fair Labor Standards Act with respect to compensation of Plaintiffs\.

29. Due to Defendants' willful and intentional violation of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of this action, pursuant to the FLSA, all in an amount to be determined at trial.

## COUNT II
*New Jersey Wage and Hour Law*
*Overtime Pay*

30. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

31. The Defendants' intentional failure to pay overtime pay violates N.J.S.A. 34:11-56a et seq. and supporting regulations.

32. Plaintiff have been damaged in an amount as yet undetermined plus liquidated damages, attorney's fees and costs.

## COUNT III
*Failure To Inform Employees Of Wage Provisions, Post*
*Notices, And Keep Records As Required By Law*

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

34. Both the Fair Labor Standards Act and New Jersey Wage Laws require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime pay at a rate of one-and-one half times their regular rate.

5

35. Upon information and belief, at all times relevant to this action, Defendants failed to provide, in a place accessible to employees and in a visually conspicuous manner, notice of an employee's rights to receive the minimum wage and overtime pay as required under the Fair Labor Standards Act and New Jersey Wage Laws.

36. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages in order to avoid liability for their wage violations.

37. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## COUNT IV
### *Unjust Enrichment*

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth at length herein.

39. The wages owed to Plaintiff and unpaid by Defendants constitutes an unjust enrichment of Defendants at Plaintiff's expense.

40. As a direct and proximate result, Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that a judgment be granted as follows:

(a) Declaring, jointly and severally, Defendants' conduct complained of herein to be in violation of the Fair Labor Standards Act and New Jersey Wage and Hour Laws;

(b) Awarding Plaintiff against Defendants, jointly and severally, unpaid overtime compensation due under the FLSA and New Jersey Wage and Hour Laws in an amount to be determined at trial;

(c) Awarding Plaintiff liquidated damages against Defendants, jointly and severally;

6

(d) Awarding Plaintiff pre-judgment and post-judgment interest;

(e) Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees, and;

(f) Awarding any such and other relief as this Court deems just and proper.

Dated: July 19, 2019

Respectfully submitted,

Seung Han (Aaron) Shin, Esq.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: Bergen County, New Jersey
July 19, 2019

By: _____
Seung Han (Aaron) Shin, Esq. (SS1028)
SHIN & JUNG L.L.P.
2400 Lemoine Ave. Suite 204
Fort Lee, NJ 07024
Tel: (201) 482-8095
Fax: (201) 399-3269